1  Robert B. Jobe (Cal. State Bar #133089)
   LAW OFFICE OF ROBERT B. JOBE
2  550 Kearny Street, Suite 200
   San Francisco, CA 94108
3  (415) 956-5513 (phone)
   (415) 840-0308 (fax)
4
   Attorney for Petitioner,
5  Baljit Singh.

6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10 BALJIT SINGH,                          )  No.
                                          )  DHS Alien # 71-767-975
11                                        )
          Petitioner,                     )
12                                        )  C 07 4043
       v.                                 )
13                                        )
   LT. DAVID SEPULVEDA, JAIL              )  PETITION FOR WRIT OF
14 ADMINISTRATOR, SANTA CLARA             )  HABEAS CORPUS PURSUANT
   COUNTY DEPARTMENT OF                   )  TO 28 § U.S.C. § 2241
15 CORRECTION; EDWARD FLORES,             )
   CHIEF OF CORRECTION, SANTA             )
16 CLARA COUNTY DEPARTMENT OF             )
   CORRECTION; ANTHONY M. AIELLO,         )
17 ASSISTANT FIELD OFFICE DIRECTOR,       )
   SAN FRANCISCO DISTRICT OFFICE,         )
18 U.S. IMMIGRATION AND CUSTOMS           )
   ENFORCEMENT; JULIE MYERS,              )
19 ASSISTANT SECRETARY, U.S.              )
   IMMIGRATION AND CUSTOMS                )
20 ENFORCEMENT; EMILIO T.                 )
   GONZALEZ, DIRECTOR, U.S.               )
21 CITIZENSHIP AND IMMIGRATION            )
   SERVICES; ROBIN L. BARRETT,            )
22 FIELD OFFICE DIRECTOR, SAN             )
   FRANCISCO DISTRICT OFFICE;             )
23 FRANK D. SICILIANO, OFFICER-IN-        )
   CHARGE, USCIS SAN JOSE                 )
24 SUB-OFFICE; MICHAEL                    )
   CHERTOFF, SECRETARY,                   )
25 DEPARTMENT OF HOMELAND                 )
   SECURITY; ALBERTO GONZALES,            )
26 ATTORNEY GENERAL, UNITED               )
   STATES,                                )
27                                        )
          Respondents.                    )
28 _____)

Petition for Writ of Habeas Corpus        1



## INTRODUCTION

1.  Petitioner Baljit SINGH, by and through his undersigned counsel, hereby petitions this Court for a writ of habeas corpus to declare his deportation unlawful and order the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his pending application for adjustment of status.

2.  On or about June 21, 2005, Mr. Singh, through his former counsel, filed an application for adjustment of status with the USCIS, a component of the Department of Homeland Security ("DHS"), pursuant to an approved I-130 Alien Relative Petition filed on his behalf by his mother, a lawful permanent resident of the U.S.

3.  Because Mr. Singh is in exclusion proceedings, rather than deportation or removal proceedings, the District Director of the USCIS has sole jurisdiction over his application for adjustment of status. *See* 8 C.F.R. § 245.2(a); *Matter of Castro*, 21 I&N Dec. 379 (BIA 1996). On January 27, 2006, however, the USCIS administratively closed Mr. Singh's application for adjustment of status; despite citing to the relevant regulation, the USCIS **_erroneously concluded_** that Mr. Singh's application for adjustment of status is within the jurisdiction of the immigration court. Although there is no dispute that this reasoning is incorrect and contrary to law, Mr. Singh's former counsel did not challenge that finding nor did he re-file Mr. Singh's application with the USCIS.

4.  Instead, Mr. Singh's former counsel prosecuted a petition for review he filed on behalf of Mr. Singh with the U.S. Court of Appeals for the Ninth Circuit, asserting that the Board of Immigration Appeals ("the Board") (1) abused its discretion by refusing to consider an untimely motion to reconsider, filed eleven years after its final administrative order, and (2) abused its discretion in refusing to *sua sponte* reconsider its prior decision (an issue over which the Court clearly lacks jurisdiction, *see Elkimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002)). On February 27, 2007, a three-judge panel of the Ninth Circuit issued an unpublished memorandum denying and dismissing Mr. Singh's petition for review.

5.  In the first week of April 2007, Mr. Singh met with undersigned counsel who, at that time, advised him that he is eligible to apply for adjustment of status with the USCIS and the

decision previously issued on his application for adjustment of status is **clearly erroneous**. On June 4, 2007, Mr. Singh, through current counsel, formally requested that the USCIS San Jose Sub-Office re-calendar Mr. Singh's erroneously closed case and schedule him for an interview on the merits of his application for adjustment of status. Providing no explanation, the USCIS rejected Mr. Singh's request and, instead, suggested that he "come in person and speak to an Information Officer about [his] case."

6. On June 12, 2007, Mr. Singh, through counsel, resubmitted his request to the USCIS San Jose Sub-Office. In that correspondence, undersigned counsel's office informed the USCIS that Mr. Singh was in the custody of the Immigration and Customs Enforcement – where he had been since approximately May 31, 2007 – and, therefore, unable to personally speak to an "Information Officer." Mr. Singh's counsel again reiterated Mr. Singh's request to be scheduled for an interview on his adjustment of status on the basis that the USCIS had **erroneously** determined that it lacked jurisdiction over his application. Despite multiple inquiries, to date, the USCIS has not responded to that request.

## JURISDICTION

7. This action arises under the Constitution, the Immigration & Nationality Act of 1952, as amended, 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act (the "APA"), 5 U.S.C. §' 701 et seq. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241 et seq.; Art. I, ' 9, cl. 2 of the United States Constitution; and the common law. This Court may also exercise jurisdiction pursuant to 28 U.S.C. § 1331, and may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8. Venue is properly with this Court pursuant to 18 U.S.C. § 1391(e) because the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California; because the decision to hold Mr. Singh in custody is under the jurisdiction of the Northern District of California office of Respondents; because the removal proceedings pending against Mr. Singh have been conducted

before an Immigration Judge in the Northern District of California; and there is no real property involved in this action.

### INTRA-DISTRICT ASSIGNMENT

9. Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division. N.D. Rule 3-2(c) and (e).

### PARTIES

10. Baljit Singh, a native and citizen of India, has been in immigration custody for more than three months and is scheduled to be deported on August 7, 2007. Despite his eligibility to apply for adjustment of status to lawful permanent resident status, the USCIS has refused to re-calendar his case, which it administratively closed based on a clear misunderstanding of the law.

11. Lt. David Sepulveda is the Jail Administrator for the Santa Clara Department of Correction, which encompasses the Santa Clara County Main Jail Complex in San Jose, California, where Mr. Singh is presently confined. As the individual with daily physical control over Mr. Singh, Lt. Sepulveda is a proper respondent to this petition and is sued in his official capacity as Mr. Singh's immediate custodian. See *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000), cert. denied, 122 S.Ct. 43 (2001); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); *Robledo-Gonzalez v. Ashcroft*, 342 F.3d 667, 673 (7th Cir. 2003).

12. Edward Flores is the Chief of Correction for the Santa Clara Department of Correction, which encompasses the Santa Clara County Main Jail Complex in San Jose, California, where Mr. Singh is presently confined. As the individual with daily physical control over Mr. Singh, Mr. Flores is a proper respondent to this petition and is sued in his official capacity as Mr. Singh's immediate custodian. See *Vasquez, supra; Yi, supra; Robledo-Gonzalez, supra.*

13. Anthony M. Aiello is the Assistant Field Office Director for the Immigration and Customs Enforcement's ("ICE") Detention & Removal Operations' unit of the San Francisco District Office, which has jurisdiction over the Santa Clara County Main Jail in San Jose,

California. Mr. Aiello has the power to stay Mr. Singh's unlawful deportration and is, therefore, sued in his official capacity. *See Vasquez, supra. See also Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003) ("[A]lthough the warden of each detention facility technically has day-to-day control over alien detainees, the INS District Director for the district where a detention facility is located 'has power over' alien habeas petitioners."); *Santiago v. U.S. I.N.S*, 134 F. Supp. 2d 1102, 1103 (N.D. Cal 2001).

14. Julie Myers is the Assistant Secretary of DHS's ICE division. ICE is the component within DHS that is responsible for the detention and removal of non-citizens. Ms. Myers leads the detention and removal functions of ICE and is sued in her official capacity.

15. Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Respondent Gonzalez is sued herein in his official capacity.

16. Respondent, Robin L. Barrett, is the Field Office Director of USCIS's San Francisco District Office and is sued in her official capacity.

17. Respondent Frank D. Siciliano, is the Officer-in-Charge of the USCIS's San Jose Sub-Office and is responsible for the day to day operations of that office. He is sued in his official capacity.

18. Respondent Michael Chertoff is sued in his official capacity as the Secretary of DHS. In that capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103, as amended.

19. Respondent Alberto Gonzales is sued in his official capacity as Attorney General of the United States. He retains certain responsibilities for administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103. Respondent Gonzales is sued in his official capacity to the extent that 8 U.S.C. § 1103 gives him the authority to detain and deport Mr. Singh and to interpret the law as it is applied by DHS and the U.S. Department of Justice.

## CAUSE OF ACTION

## COUNT ONE

## (DUE PROCESS)

20. The allegations contained in paragraphs 1 through 19 above are repeated and realleged as though fully set forth herein.

21. All persons residing in the United States are protected by the Due Process Clause of the Fifth Amendment.

22. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. Freedom from bodily restraint is at the core of the liberty protected by the Due Process Clause. This vital liberty interest is at stake when an individual is subject to unlawful deportation by DHS.

23. Despite the fact that USCIS had jurisdiction over Mr. Singh's application for adjustment of status, and could have conferred lawful permanent resident status on Mr. Singh, it administratively closed his case and refused to adjudicate his application, resulting in an unlawful order of removal.

24. Because USCIS cannot simply refuse to adjudicate an application for relief by an alien like Mr. Singh, who is facing removal, its refusal to do so in this case is unlawful and the removal order against Mr. Singh was rendered in violation of due process.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

(1) issue an Order declaring that Petitioner's deportation order is contrary to law, unconstitutional, and violates due process;

(2) issue an Order that the USCIS immediately re-calendar and adjudicate Petitioner's application and adjustment of status;

(3) award Petitioner his reasonable costs and fees; and

(4) grant any other and further relief that this Court may deem fit and proper.

1  DATED:    August 7, 2007            Respectfully submitted,

                                       _____
                                       Robert B. Jobe, Esq.
                                       LAW OFFICE OF ROBERT JOBE
                                       550 Kearny, Suite 200
                                       San Francisco, CA 94108
                                       (415) 956-5513
                                       (415) 840-0308 (fax)
                                       bob@jobelaw.com

                                       Attorney for Petitioner